UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELINA CRUZ, as Plenary Guardian
of CELIA HERNANDEZ, and
ANSELMO HERNANDEZ,

       Plaintiffs,

v.                                          CASE NO.: 8:12-cv-1382-T-23MAP

UNITED STATES OF AMERICA,

       Defendant.

_____/

## ORDER

      Celia and Anselmo Hernandez sue the United States under the Federal Tort Claims Act (FTCA).  In count one of the complaint Celia claims that a physician at a federally funded health care center discontinued Celia's blood thinner, Coumadin, and caused Celia to suffer a debilitating stroke.  In count two of the complaint Celia's spouse, Anselmo, claims loss of consortium.  Celia and Anselmo timely submitted the requisite Standard Form 95 to the United States Department of Health and Human Services.  The SF-95 lists both Celia and Anselmo as a claimant.  Celia and Anselmo attached to the SF-95 a "Notice of Intent to Initiate Litigation," Celia's medical records, and counsel's retainer letter.  The notice (which summarizes only Celia's medical history, Celia's treatment, and Celia's alleged injury) and the retainer list both Celia and Anselmo as a claimant.  The SF-95 claims $20 million in "personal injury" and "total damages."  However, the papers neither identify Anselmo's derivative claim for loss of consortium nor identify damages distinctly attributable to the claim.  In other words, the administrative claim neither mentions "loss of consortium" nor assigns a monetary value to the claim.

"The FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining suit in a suit against the government." *Dalrymple v. US*, 460  F.3d 1318, 1325 (11th Cir. 2006) (emphasis in original).  "In multiple claimant actions under the FTCA, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim." *Dalrymple*, 460 F.3d at 1325.  Imposed to permit preliminary investigation and evaluation of a claim, the disclosure requirement of SF-95 is no mere formality; failure to provide a compliant notice of a claim precludes the claimant's resort to federal court. *Burchfield v. US*, 168 F.3d 1252, 1255 (11th Cir. 1999); *Tidd v. US*, 786 F.2d 1565, 1567 (11th Cir. 1986).

"One person cannot file a prerequisite administrative tort claim for another . . . and specifically one spouse may not presume that his or her own independent claim is automatically raised or implied in the administrative claim of the other spouse." *Walker v. US*, 471 F. Supp. 38, 42 (M.D. Fla. 1978) (Scott, J.).  More to the point, identifying a claimant's spouse in the administrative papers – without more – fails to preserve the spouse's claim.  *Rucker v. US Dep't of Labor*, 798 F.2d 891, 893 (6th Cir. 1986); *Johnson v. US*, 704 F.2d 1431, 1442 (2nd Cir. 1983); *Miller v. US*, 157 F. Supp. 2d 1071, 1074 (S.D. Iowa 2001); *Dondero v. US*, 775 F. Supp 144, 149 (D. Del. 1991) ("Jurisdiction is not preserved for derivative claims by making reference to the spouse, each spouse must fulfill all jurisdictional requirements for their independent claims."); *Heaton v. US*, 383 F. Supp. 589, 591 (S.D.N.Y. 1974) (mere appearance of claimant's wife's name on the SF-95 form "could not have put the government on notice that she was claiming loss of consortium and services"); *but see Loper v. US*, 904 F. Supp. 863 (N.D. Ind. 1995); *Emery v. US*, 920 F. Supp. 788 (W.D. Mich. 1996).

In sum, the FTCA offers a statutorily constrained waiver of sovereign immunity. The limit of that waiver "must be scrupulously observed, and not expanded, by the courts."  The United States' motion to dismiss (Doc. 5) count two of the complaint is **GRANTED**, and count two is **DISMISSED WITH PREJUDICE**.[*]

ORDERED in Tampa, Florida, on March 12, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] The predominant reasoning in the Eleventh Circuit and some other circuits is not uniformly adopted.  As outlined in *Rhodes v. United States*, 2007 WL 1173790 (M.D. Fla.), at footnote 3:

> The view that a statutory, pre-suit administrative notice confers subject matter jurisdiction rather than satisfies a condition precedent to suit is not universally held. *See, e.g., Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 93-95 (1990) (holding that a Title VII plaintiff's failure to comply with the statutory limitations on a waiver of sovereign immunity is not an incurable jurisdictional defect); *Frey v. EPA*, 270 F.3d 1129, 1135 (7th Cir. 2001) (suggesting that the pre-suit requirement of 28 U.S.C. § 2675(a) is "an aspect of the statutory right to relief, rather than of the court's jurisdiction."); *United States v. Cook County*, 167 F.3d 381, 388-89 (7th Cir. 1999) (holding that the United States could not collaterally attack an earlier judgment based on a lack of waiver of sovereign immunity); *Fouche v. Jekyll Island State Park Authority*, 713 F.2d 1518, 1524 (11th Cir. 1983) (holding that an administrative exhaustion requirement under Title VII is a "condition precedent to suit rather than a jurisdictional requirement"). The view that failure to resort to an administrative remedy precludes subject matter jurisdiction stands athwart sound and familiar principles that define the term "subject matter jurisdiction." Only the statutes and the Constitution expand (or contract) subject matter jurisdiction. Subject matter jurisdiction exists before a party approaches the court with a pleading and the identical subject matter jurisdiction remains after a party's action concludes. A party's pleading may invoke (or not, if defective) the court's subject matter jurisdiction but a court's subject matter jurisdiction exists independently from the content of a pleading. A pleading may aspire to invoke the subject matter jurisdiction of a court but a pleading cannot alter the subject matter jurisdiction that a court enjoys. "'Jurisdiction of the subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a good cause of action in the plaintiff therein.'" *Parker Bros. v. Fagan*, 68 F.2d 616, 618 (5th Cir. 1934) (quoting *Malone v. Meres*, 109 So. 677, 727 (Fla. 1926)). The notion that a federal district court lacks subject matter jurisdiction over a claim pursuant to the Federal Tort Claims Act startles the informed observer, as would the notion that a federal district court lacked subject matter jurisdiction in a Title VII case or a federal income tax refund suit.